THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LAWRENCE G. MILJKOVIC, | ) CIVIL NO. 08-00515 JMS/LEK |
| | ) |
| Plaintiff, | ) ORDER: (1) GRANTING |
| | ) PLAINTIFF'S APPLICATION TO |
| vs. | ) PROCEED WITHOUT |
| | ) PREPAYMENT OF FEES; |
| DONALD C. WINTER, | ) (2) ORDERING PLAINTIFF TO |
| SECRETARY OF THE NAVY AND | ) SHOW CAUSE WHY COMPLAINT |
| DEPARTMENT OF THE NAVY, | ) SHOULD NOT BE DISMISSED; |
| | ) AND (3) DENYING MOTION FOR |
| Defendants. | ) APPOINTMENT OF COUNSEL |
| | ) |
| _____ | ) |

**ORDER: (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES; (2) ORDERING PLAINTIFF TO
SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED; AND
(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL**

On November 17, 2008, pro se Plaintiff Lawrence G. Miljkovic

("Plaintiff") filed a Complaint against Defendants alleging, among other things,

that they violated Title VII of the Civil Rights Act of 1964 when they

discriminated against him on the basis of age and perceived disability.  That same

day, Plaintiff filed an Application to Proceed Without Prepayment of Fees

("Application"), and on November 18, 2008, Plaintiff filed a Request for

Appointment of Counsel.  Based on the following, the court: (1) GRANTS

Plaintiff's Application, (2) orders Plaintiff to SHOW CAUSE why the Complaint

should not be dismissed with prejudice; and (3) DENIES Plaintiff's Motion for

Appointment of Counsel.[1]

## DISCUSSION

### A.      Plaintiff's Application Is Granted

Plaintiff's Application indicates that he is not currently employed,

receives no money from any sources, has a negative balance in his bank account,

and owns an $8,000 Mitsubishi Eclipse.  Because Plaintiff has made the required

showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without

prepayment of fees), the court GRANTS Plaintiff's Application.

### B.      Plaintiff Must Show Cause Why Complaint Should Not Be Dismissed

The court must subject each civil action commenced pursuant to

28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims

it finds "frivolous, malicious, failing to state a claim upon which relief may be

granted, or seeking monetary relief from a defendant immune from such relief."

28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir.

2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires"

the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a

---

[1] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing pro se; consequently, the court liberally construes his pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). Even construing Plaintiff's Complaint liberally, however, it appears that Plaintiff cannot state a claim upon which relief may be granted because he has previously made these same allegations in the previous action of *Miljkovic v. England, et al.*, Civ. No. 04-00189 SPK/KSC (the "Previous Action"), which was dismissed with prejudice on August 6, 2004.

The preclusive effect of the Previous Action may be examined by the court sua sponte. *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986). "When considering the preclusive effect of a federal court judgment, [the court must] apply the federal law of claim preclusion." *First Pac. Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000). The Supreme Court has recently explained claim preclusion as follows:

> Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as

3

the earlier suit." [*New Hampshire v. Maine*, 532 U.S. 742, 748 (2001).] . . . By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." [*Montana v. United States*, 440 U.S. 147, 153-154 (1979)].

*Taylor v. Sturgell*, ---U.S.---, 128 S. Ct. 2161, 2171 (2008).

The elements of claim preclusion are: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citation and quotation signals omitted). "Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998).

Plaintiff submitted voluminous documents with the Complaint, making the court's analysis of Plaintiff's claims difficult. From what the court can discern, however, it appears that the Complaint makes the same general allegations against the same defendants in the Previous Action.

The Complaint alleges 14 claims against the Secretary of the Navy based on events that occurred while he was employed as a welder.[2]  Plaintiff alleges, among other things, that from April 8, 2002 through March 23, 2003, his supervisors discriminated against him on the basis of race, national origin, age, and perceived disability, intimidated him regarding worker's compensation, laid him off, harassed him, rated other workers higher than him, assaulted him with a deadly weapon, and did not select him for other open positions.  Compl. Part 2, at 2-5.  The EEOC investigated Plaintiff's claims, which is evidenced by the hundreds of pages from his EEOC file, Agency Docket No. 0362755001, that Plaintiff attached to his Complaint.  *Id.* at Parts 3-4.

In the Previous Action, Plaintiff similarly alleged claims against the Secretary of the Navy and others for, among other things, discriminating against

---

[2]  Plaintiff's claims are titled:
(1) Harassment, Intimidation, and Discrimination concerning Worker's Compensation, Perceived Disability, by Management, and Future Claims, including a violation of the ADEA, by refusing accommodations; (2) age discrimination; (3) race/national origin discrimination; (4) hostile work environment and harassment; (5) intimidation/including fire arm [sic], threats, assaults/with automobile; (6) unlawful labor organization practices; (7) retaliation; (8) denied training & quarterly reviews; (9) unlawful hiring and firing practices; (10) denied my constitutional rights, as my witnesses were not called, and I was accused, or not submitting a witness list.; (11) Chapter V was omitted from my investigation report and somebody purged half a page on page 104, of the investigation report; (12) reckless endangerment; (13) EEO - Pearl Harbor refused to accept retaliation complaint; and (14) deformation [sic] of character.
Compl. Part 2 at 1.

Plaintiff based on race, national origin, age, and perceived disability.[3]  Previous

Action, Doc. No. 1, at 1-2.  The claims in the Previous Action appear to be the

same as those raised in this action -- Plaintiff's claims in the Previous Action span

the same time period as Plaintiff's claims in this action, involve the same parties,

and resulted in the same EEOC investigation.[4]  Further, Plaintiff's Previous Action

was dismissed with prejudice upon his own Motion for Dismissal with Prejudice.

*Id.* at Doc. No. 11.  This dismissal with prejudice acts as an adjudication on the

merits.  *See* Fed. R. Civ. P. 41(a)(1); *see also Brooks v. Raymond Dugat Co.*, 336

F.3d 360, 362 (5th Cir. 2003) (finding that plaintiff's voluntary dismissal of all

claims with prejudice in a previous action was a final judgment on the merits and

barred the subsequent suit).  By obtaining a dismissal with prejudice in the

Previous Action, Plaintiff "submit[ted] to a judgment that serves to bar his claims

forever."  *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995); *see also Beard*

---

[3]  In the Previous Action, Plaintiff listed his claims as including: "(1) unlawful retaliation for filing a discrimination complaint with EEO; (2) unlawful termination; (3) assult [sic]; (4) insults; (5) intimidation; (6) reckless endangerment; (7) unlawful hiring and firing practices; (8) hostile work environment; (9) deformation [sic] of character; (10) unlawful harassment; and (11) unlawful labor organization practices."  Previous Action, Doc. No. 1.

[4]  Indeed, Plaintiff submitted many of the same documents in support of his current Complaint that he submitted in the Previous Action.  In this action, Plaintiff attached the EEOC file, and in the Previous Action, Plaintiff also submitted large portions of the EEOC file. Previous Action, Doc. No. 8 (stating that the EEOC file "will provide the court with enough information to see the injustice committed in regard to discrimination of age, race/national origin, and perceived disability").  Plaintiff also attached to both Complaints the same 4-page document entitled "Retaliation - HARDSHIPS."

*v. Sheet Metal Workers Union*, 908 F.2d 474, 477 n.3 (9th Cir. 1990) ("Federal

law dictates that a dismissal with prejudice bars a later suit under [claim

preclusion].").  Any duplicative claims in this action are abusive and should be

dismissed.  *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)

("There is no abuse of discretion where a district court dismisses under § 1915(d)

a complaint 'that merely repeats pending or previously litigated claims.'" (quoting

*Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))); *see also Denton v.*

*Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress' concern that "a litigant

whose filing fees and court costs are assumed by the public, unlike a paying

litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or

repetitive lawsuits" (quotation omitted)).

      Further, to the extent that Plaintiff alleges additional claims in this

action that are based on the same facts as those in the Previous Action, claim

preclusion still bars these claims -- claim preclusion prevents a plaintiff from

"relitigating issues that were *or could have been* raised in that action."  *Rivet*, 522

U.S. at 476 (citation and quotation signals omitted) (emphasis added).

      Given that the claims in the Complaint appear to be barred by claim

preclusion, the court believes that Plaintiff's Complaint should be dismissed

without leave to amend.  The court also recognizes, however, that Plaintiff's

Complaint in this action is lengthy and difficult to understand at points, and that a

pro se plaintiff must be given leave to amend unless "it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (quoting *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).  The court therefore orders Plaintiff to SHOW CAUSE, by December 31, 2008, why his Complaint should not be dismissed with prejudice.  Plaintiff should address, if possible (1) what claims Plaintiff included in this action that he did not include in his Previous Action; (2) why the claims in this action are not barred by claim preclusion due to the Previous Action; and (3) whether Plaintiff can amend the Complaint to state a valid claim.

## C.    Appointment of Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel."  The court has discretion to appoint counsel and should do so only under "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  In determining whether "exceptional circumstances" exist, the court should consider the plaintiff's likelihood of success on the merits of the case as well as his ability to adequately represent himself given the complexity of the case.  *Id.*

After reviewing the Complaint in this action, the court concludes that Plaintiff has not shown a strong likelihood of success meriting appointment of counsel.  Plaintiff's Motion for Appointment of Counsel is therefore DENIED.

## <u>CONCLUSION</u>

Based on the above, the court: (1) GRANTS Plaintiff's Application to Proceed Without Prepayment of Fees; (2) orders Plaintiff to SHOW CAUSE by December 31, 2008 why the Complaint should not be dismissed with prejudice; and (3) DENIES Plaintiff's Motion for Appointment of Counsel.  Failure to show cause by December 31, 2008 will result in dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 5, 2008.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Miljkovic v. Winter et al*, Civ. No. 08-00515 JMS/LEK, Order: (1) Granting Plaintiff's Application to Proceed Without Prepayment of Fees; (2) Ordering Plaintiff to Show Cause Why Complaint Should Not be Dismissed; and (3) Denying Motion for Appointment of Counsel