IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| LAWRENCE MILJKOVIC, | ) | CIVIL NO. 08-00515 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DONALD C. WINTER, SECRETARY OF THE NAVY, ET AL., | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND CIV. NO. 04-00189 FROM WITH PREJUDICE TO WITHOUT PREJUDICE; (2) RECONSIDERATION FOR APPOINTMENT OF COUNSEL**

Before the Court is Plaintiff Lawrence G. Miljkovic's ("Plaintiff") Motion to Amend Civ. No. 04-00189 from With Prejudice to Without Prejudice; (2) Reconsideration for Appointment of Counsel ("Motion"), filed December 30, 2008. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

Plaintiff filed the instant employment discrimination action on November 17, 2008 against Defendants Donald C. Winter, Secretary of the Navy, and the Department of the Navy

(collectively "Defendants").  Plaintiff also filed an application to proceed in forma pauperis on November 17, 2008 and a Request for Appointment of Counsel on November 18, 2008.  On December 8, 2008, the district judge issued an order which, *inter alia*, denied Plaintiff's request for the appointment of counsel.

On March 19, 2004, Plaintiff filed an employment discrimination action against Gordon R. England, Secretary of the Navy, the Department of the Navy, Chetwin Sakanoi, Thomas P. Blanchette, Alfred G. Emond, Clement Kaiama, and Kay Morris.  See Miljkovic v. England, et al., CV 04-00189 SPK-KSC ("the 2004 Case").  On August 9, 2004, the district judge approved Plaintiff's dismissal of the 2004 Case with prejudice.

On December 30, 2008, Plaintiff filed the instant Motion.  He states that he did not mean to dismiss the 2004 Case with prejudice.  At the time of the dismissal of the 2004 Case, Plaintiff had lost all of the information on his computer, including his legal information.  In addition, he did not have internet access, was at a homeless shelter, and was apparently confused about which terms meant what.  He argues that he mistakenly stated that the dismissal of the 2004 Case would be with prejudice.  Plaintiff seeks to amend the dismissal to state "without prejudice" instead of "with prejudice".  Plaintiff also asks for reconsideration of the order denying his request for the appointment of counsel in the instant case.

**DISCUSSION**

I.  **The 2004 Case**

First, this Court notes that a motion in the instant case is not the proper method to seek to reopen the 2004 Case or to amend its dismissal document. Further, even if Plaintiff had followed the proper procedure, his request is untimely.

Federal Rule of Civil Procedure 60 states, in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . . .

A motion for relief from judgment based on mistake "must be made within a reasonable time", but "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The instant Motion is therefore untimely because Plaintiff did not bring it within one year of the dismissal of the 2004 Case.

Although Plaintiff states that he also seeks reconsideration of the district judge's denial of his request for counsel, he does not set forth any facts or arguments supporting reconsideration. If Plaintiff seeks reconsideration of the district judge's ruling, he should file a separate motion for reconsideration before the district judge.

3

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion to Amend Civ. No. 04-00189 from With Prejudice to Without Prejudice; (2) Reconsideration for Appointment of Counsel, filed December 30, 2008, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 5, 2009.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**LAWRENCE G. MILJKOVIC V. DONALD C. WINTER, ET AL; CIVIL NO. 08-00515 JMS-LEK; ORDER DENYING PLAINTIFF'S MOTION TO AMEND CIV. NO. 04-00189 FROM WITH PREJUDICE TO WITHOUT PREJUDICE; (1) RECONSIDERATION FOR APPOINTMENT OF COUNSEL**